DONALD PALMER        \*      NO. 2025-CA-0391

VERSUS                 \*      COURT OF APPEAL

CRESCENT CITY AUCTION    \*      FOURTH CIRCUIT
GALLERY, LLC

                                    \*      STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-08022, DIVISION "A"
Honorable Ellen M Hazeur, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge
Karen K. Herman)


Daniel Berger
A. Albert Ajubita
AJUBITA, LEFTWICH & SALZER, L.L.C.
1100 Poydras Street
Suite 1500
New Orleans, LA 70163-1500


       COUNSEL FOR PLAINTIFF/APPELLANT


Robert P. Kemp
ATTORNEY AT LAW
273 Perrilloux Road
Madisonville, LA 70447


       COUNSEL FOR DEFENDANT/APPELLEE


       **AFFIRMED IN PART, REVERSED IN PART AND REMANDED**
                                         **DECEMBER 1, 2025**

*SCJ*
*DLD*
*KKH*

This is a breach of contract action. Donald Palmer ("Mr. Palmer") seeks review of the trial court's February 10, 2025 judgment sustaining Crescent City Auction Gallery, LLC's ("Crescent City Auction") peremptory exception of no cause of action and dismissing Mr. Palmer's claims with prejudice. For the following reasons, we affirm in part and reverse in part the February 10, 2025 judgment, and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

In January 2024, Mr. Palmer met with a representative of Crescent City Auction to discuss the consignment and auctioning of his items. Mr. Palmer's items were sold at auction in March 2024. After receiving his payment, Mr. Palmer contacted Crescent City Auction regarding the amount being less than what he expected.

On August 29, 2024, Mr. Palmer filed a petition to recover damages for breach of contract, which named Crescent City Auction as the defendant. Mr.

1

Palmer alleged that Crescent City Auction made oral representations and provided him with a signed consignment contract indicating that he would receive $10,300.00, minus costs and fees, in connection with the consignment of his items.[1] Mr. Palmer further alleged that he was presented with and signed a consignment contract identical to the previous contract, however, the new contract omitted the notation of $10,300.00.

In response to the petition, Crescent City Auction filed peremptory exceptions of no right of action and no cause of action, and a dilatory exception of vagueness and ambiguity. Crescent City Auction argued that the consignment contract included an estimate of what each item could possibly sell for at auction and the minimum price that Mr. Palmer would accept to sell his items. Crescent City Auction further argued that Mr. Palmer had no cause of action and no right of action because he knew his items would be sold to the highest bidder and that there would be commissions and fees.

Mr. Palmer filed an opposition to the exceptions, arguing that he was told that his items would be sold for no less than $10,300.00, however, the items were sold for a price less than what they agreed. A hearing on the exceptions was held on January 17, 2025. The trial court signed a judgment on February 10, 2025, sustaining Crescent City Auction's exception of no cause of action and dismissing Mr. Palmer's claims with prejudice. This appeal follows.

## DISCUSSION

Mr. Palmer assigns two errors: 1) the trial court erred in granting Crescent City Auction's exception of no cause of action, and 2) the trial court erred in not giving him leave to amend the petition to cure defects.

---

[1] The contract only had the signature of Crescent City Auction's representative.

***Standard of Review***

A peremptory "exception of no cause of action presents a question of law, so an appellate court reviews a trial court's ruling on an exception of no cause of action *de novo*." *Wakin' Bakin' L.L.C. v. Rabalais*, 2023-0432, p. 4 (La. App. 4 Cir. 11/15/23), 377 So.3d 784, 787 (quoting *Cunningham v. City of New Orleans*, 2021-0532, p. 9 (La. App. 4 Cir. 3/30/22), 336 So.3d 977, 986). "A peremptory exception of no cause of action questions whether the law extends a remedy against a defendant to anyone under the factual allegations of a petition." *Id.* (quoting *Cunningham* at p. 10, 336 So.3d at 986).

When ruling on "an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Girod Titling Tr. v. Hermes Health All., L.L.C.*, 2024-0221, p. 10 (La. App. 4 Cir. 7/1/24), 401 So.3d 721, 729, *writ denied*, 2024-01199 (La. 12/11/24), 396 So.3d 963 (quoting *Green v. Garcia-Victor*, 2017-0695, p. 5 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453). "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not plead in the petition." *Id.* Additionally, "[t]he grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.*

***Breach of Contract***

A breach of contract claim requires proof of three elements: 1) the undertaking of an obligation to perform; 2) the failure to perform the obligation; and 3) resulting damages from the failure to perform. *New Orleans Priv. Patrol*

*Serv., Inc. v. Corp. Connection, Inc.*, 2017-0746, p. 7 (La. App. 4 Cir. 3/21/18), 239 So.3d 480, 484.

Here, Mr. Palmer argues that the trial court did not accept the factual allegations in the petition as true, but instead evaluated the documents attached to the petition. The trial court found that Mr. Palmer had no cause of action for claims under breach of contract because the contract which was attached to the petition listed the amount $10,300.00 under the provision entitled "estimate." The trial court further found that the contract contained provisions that stated "any appraisal, estimate, or other statement of the Company and its representatives concerning the value of any Property is not binding upon the Company, nor can be relied upon as a prediction of actual sales price, as it is a statement only of opinion."

Taking the allegations of Mr. Palmer's petition as true, he alleged that oral representations were made by Crescent City Auction that he would receive $10,300.00, minus costs and fees, in connection with the consignment of his items and he was provided with a signed consignment contract indicating as such. We find that Mr. Palmer's petition states a valid cause of action for breach of contract. While it is permissible for the trial court to consider documents attached to the petition, the trial court must also consider the sufficiency of the petition and determine whether the law affords a remedy on the facts alleged in the petition. *See Pri-Tal v. Progressive Prop. Ins. Co.*, 2024-0531, p. 16 (La. App. 4 Cir. 5/14/25), 414 So.3d 1064, 1076 (citation omitted); *see also State ex rel. Tureau v. BEPCO, L.P.*, 2021-0856, p. 17 (La. 10/21/22), 351 So.3d 297, 309. We further find that the trial court exceeded its limited scope in addressing the merits. Neither the trial court nor this Court can consider whether Mr. Palmer "will prevail on the merits of

4

the trial." *See Kinney v. Bio District New Orleans*, 2023-0611, p. 11 (La. App. 4 Cir. 6/25/24), 398 So.3d 38, 45 (quoting *Winstead v. Kenyon*, 2015-0470, p. 6 (La. App. 4 Cir. 12/2/15), 182 So.3d 1087, 1091). Thus, the trial court erred in sustaining Crescent City Auction's exception of no cause of action.

## CONCLUSION

For the foregoing reasons, we affirm in part the February 10, 2025 judgment that overruled Crescent City Auction's peremptory exception of no right of action and dilatory exception of vagueness and ambiguity. We reverse the portion of the judgment dismissing Mr. Palmer's claims against Crescent City Auction with prejudice and remand this matter for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**